IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CARLOS RENE FLORES, | § | CASE NO. 20-41622-btr7 |
|     Debtor. | § § § | |
| | § | |
| CHRISTOPHER J. MOSER, TRUSTEE, | § | |
|     Plaintiff, | § § | ADVERSARY NO. _____ |
| V. | § § | |
| KAREN RUTH FLORES and | § | |
| KELSEY RAE FLORES, | § | |
|     Defendants. | § | |

## **COMPLAINT**

TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:

Christopher J. Moser (the "Trustee"), in his capacity as the chapter 7 trustee for Carlos Rene Flores (the "Debtor") in the above-referenced bankruptcy case, files this Complaint against Karen Ruth Flores and Kelsey Rae Flores (together, the "Defendants") and would respectfully show the Court as follows.

## **PARTIES**

1. Christopher J. Moser is the chapter 7 trustee for the Debtor in the above-referenced chapter 7 bankruptcy case.

2. Karen Ruth Flores is an individual resident of Texas who can be served with process at 618 Brawner Parkway, Corpus Christi, TX 78411.

3. Kelsey Rae Flores is an individual resident of Texas who can be served with process at 618 Brawner Parkway, Corpus Christi, TX 78411.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409 because the Debtor's chapter 7 bankruptcy case is pending in this district and the causes of action asserted herein arise in and are related to that case.

## STATEMENT OF RELEVANT FACTS

6. On July 22, 2020, the Debtor filed a voluntary petition in this Court for relief under chapter 7 of the United States Bankruptcy Code. The Trustee was appointed as the chapter 7 trustee, and he continues to serve in that capacity.

7. Karen Ruth Flores is the ex-wife of the Debtor. Kelsey Rae Flores is the adult daughter of the Debtor and Karen Ruth Flores.

8. In 2005, during their marriage, the Debtor and Karen Ruth Flores purchased a single family residence located at 618 Brawner Parkway, Corpus Christi, TX 78411 (the "Subject Property"). The legal description of the Subject Property is:

> Lot Twenty-six (26), Block Six (6), SWANTNER PLACE, an addition to the City of Corpus Christi, Nueces County, Texas, according to the map or plat thereof recorded in Volume 14, Page 7, Map Records of Nueces County, Texas.

9. The latest deed conveying all or any part of the Subject Property is the Warranty Deed with Vendor's Lien recorded as Document No. 2005036216 in the Official Public Records of Nueces County, Texas, listing the Debtor and Karen Ruth Flores as grantees.

10. The Debtor and Karen Ruth Flores were divorced in 2010 in the case styled *In the Matter of the Marriage of Carlos R. Flores and Karen Ruth Flores and in the Interest of Kelsey Rae Flores, a Child*, Case No. 2009-CI-13353 (Bexar County Dist. Court, 57th Judicial Dist.). A Final Decree of Divorce was signed in that case on April 26, 2010.

11. Among other things, the Final Decree of Divorce awarded the Debtor and Karen Ruth Flores each an undivided 50% interest in the Subject Property.

12. The Final Decree of Divorce requires the Debtor and Karen Ruth Flores to sell the Subject Property under specified terms and conditions, including the following:

(a) Karen Ruth Flores shall have the exclusive use and possession of the Subject Property until sold;

(b) Karen Ruth Flores shall timely pay the balance due, including principal, interest, tax, and insurance escrow, on the promissory note executed by the Debtor and Karen Ruth Flores, then payable to IndyMac Mortgage, and secured by deed of trust on the Subject Property, which is recorded at Document #2005036216 of Nueces County, Texas;

(c) Karen Ruth Flores shall timely pay all encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the Subject Property;

(d) upon Kelsey Rae Flores's graduation from high school, Karen Ruth Flores shall have the right to refinance the Subject Property in her sole name;

(e) if Karen Ruth Flores chooses not to refinance, then Karen Ruth Flores and the Debtor shall list the Subject Property with a duly licensed real estate broker having sales experience in the area where the Subject Property is located; and

      (f)    upon the sale of the Subject Property, the net proceeds of sale, after making adjustments to reimburse either Karen Ruth Flores or the Debtor for their respective payments of certain expenses associated with the Subject Property, shall be distributed 50% to Karen Ruth Flores and 50% to the Debtor as trustee for the sole benefit of Kelsey Rae Flores.

13. The Final Decree of Divorce was never filed in the Official Public Records of Nueces County, Texas on or before the date of the Debtor's bankruptcy filing.

14. Kelsey Rae Flores graduated from high school several years before the date of the Debtor's bankruptcy filing. Karen Ruth Flores never refinanced the Subject Property before the Debtor's bankruptcy filing.

15. At the time of the Debtor's bankruptcy filing, the Debtor still owned his undivided 50% interest in the Subject Property, and the other 50% interest was still owned by Karen Ruth Flores.

16. At the time of the Debtor's bankruptcy filing, the deed records of Nueces County, Texas showed that the Subject Property was co-owned by the Debtor and Karen Ruth Flores.

17. Karen Ruth Flores and Kelsey Rae Flores currently reside at the Subject Property.

18. The Subject Property is currently encumbered by two mortgages. Karen Ruth Flores is liable for payment of the full amount of both mortgages encumbering the Subject Property.

19. The Debtor transferred $800.00 per month to Kelsey Rae Flores over the four years immediately preceding his bankruptcy filing, totaling $38,400.00 (collectively, the "Transfers"). Kelsey Rae Flores was over eighteen years old during that entire time period. The Debtor was under no legal obligation to make any of the Transfers.

## COUNT I: SALE OF CO-OWNER'S INTEREST

20. The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

21. A partition in kind of the Subject Property between the Debtor's bankruptcy estate and Karen Ruth Flores is impracticable.

22. A sale of the Debtor's bankruptcy estate's interest in the Subject Property would realize significantly less for the estate than sale of the Subject Property free of the interest of Karen Ruth Flores.

23. The benefit to the Debtor's bankruptcy estate of a sale of the Subject Property free of the interest of Karen Ruth Flores outweighs the detriment, if any, to Karen Ruth Flores.

24. The Subject Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

25. The Debtor's undivided 50% interest in the Subject Property is property of the Debtor's bankruptcy estate. 11 U.S.C. 541(a)(1).

26. The Trustee requests judgment against Karen Ruth Flores declaring that the Trustee may sell the interest of the Debtor's bankruptcy estate and the interest of Karen Ruth Flores in the Subject Property under 11 U.S.C. § 363(h).[1]

## COUNT II: TURNOVER

27. The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

---

[1] The Trustee will file a separate motion in the Debtor's bankruptcy case requesting this Court's approval of the specific terms of any proposed sale of the Subject Property. The Trustee acknowledges and will abide by the rights of Karen Ruth Flores as a co-owner of the Subject Property under 11 U.S.C. § 363(i) and (j) with respect to any sale of the Subject Property.

28. The Trustee needs possession of the Subject Property to effectively market and sell it for the mutual benefit of the Debtor's bankruptcy estate and Karen Ruth Flores.

29. The Trustee requests judgment against Karen Ruth Flores compelling her to turn over possession of the Subject Property to the Trustee under 11 U.S.C. § 542(a).

**COUNT III:  AVOIDANCE OF UNRECORDED INTERESTS IN PROCEEDS**

30. The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

31. No interest of Karen Ruth Flores provided in the Final Decree of Divorce to have proceeds from the sale of the Subject Property adjusted to reimburse her for any expenses associated with the Subject Property was reflected in any record filed in the Official Public Records of Nueces County as of the date of the Debtor's bankruptcy filing.

32. No interest of Kelsey Rae Flores provided in the Final Decree of Divorce to have any proceeds from the sale of the Subject Property held in trust for her benefit was reflected in any record filed in the Official Public Records of Nueces County as of the date of the Debtor's bankruptcy filing.

33. The Trustee requests judgment against Karen Ruth Flores and Kelsey Rae Flores avoiding any interests granted to them by the Final Decree of Divorce in any proceeds from the sale of the Subject Property under 11 U.S.C. § 544(a) and Tex. Prop. Code § 13.001(a); *provided*, however, that the Trustee acknowledges and will abide by the rights of Karen Ruth Flores as a co-owner of the Subject Property under 11 U.S.C. § 363(i) and (j) with respect to any sale of the Subject Property.

**COUNT IV:  AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**

34. The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

35. The Debtor received less than a reasonably equivalent value in exchange for the Transfers to Kelsey Rae Flores.

36. The Debtor was insolvent on the dates all the Transfers were made or became insolvent as a result of the Transfers.

37. The Trustee requests judgement against Kelsey Rae Flores avoiding the Transfers as fraudulent transfers under 11 U.S.C. § 548(a)(1)(B).

38. The Debtor has one or more unsecured creditors[2] holding claims allowable under 11 U.S.C. § 502 who could avoid the Transfers under the Texas Uniform Fraudulent Transfer Act, codified at Tex. Bus. & Com. Code § 24.001 *et seq.*

39. The Trustee requests judgment against Kelsey Rae Flores avoiding the Transfers under 11 U.S.C. § 544(b) and Tex. Bus. & Com. Code §§ 24.006(a) and 24.008(a)(1).

40. The Trustee requests judgment against Kelsey Rae Flores for $38,400.00 (the amount of the Transfers) under 11 U.S.C. § 550(a)(1) and Tex. Bus. & Com. Code § 24.009(b)(1).

41. The Trustee requests judgment against Kelsey Rae Flores for all of his reasonable attorneys' fees, expenses, and costs of court incurred in connection with this adversary proceeding against her under Tex. Bus. & Com. Code § 24.013.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this Court enter judgment against the Defendants as follows:

---

[2] Such creditors include, but are not necessarily limited to, Amex, Citibank/Exxon Mobile, and USAA Federal Savings Bank.

(a) against Karen Ruth Flores declaring that the Trustee may sell the interest of the Debtor's bankruptcy estate and the interest of Karen Ruth Flores in the Subject Property;

(b) against Karen Ruth Flores compelling her to turn over possession of the Subject Property to the Trustee;

(c) against Karen Ruth Flores and Kelsey Rae Flores avoiding any interests granted to them by the Final Decree of Divorce in any proceeds from the sale of the Subject Property;

(d) against Kelsey Rae Flores avoiding the Transfers and awarding the Trustee $38,400.00;

(e) against Kelsey Rae Flores awarding the Trustee all of his reasonable attorneys' fees, expenses, and costs of court incurred in connection with this adversary proceeding against her; and

(f) granting the Trustee such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By:   /s/ Kenneth A. Hill
       Kenneth A. Hill
       Texas Bar No. 09646950
ATTORNEYS FOR THE TRUSTEE
